# AMERICAN SAMOA GOVERNMENT, Plaintiff

## v.

## FERETI TUA`ILILIU aka FERETI FATUESI, Defendant

High Court of American Samoa
Trial Division

CR No. 40-94

August 27, 1996

Before KRUSE, Chief Justice, and TAUANU`U, Chief Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Charles V. Ala`ilima

Order on Motion to Modify Conditions of Probation:

The defendant was convicted of Assault in the First Degree, a Class B Felony, and was sentenced to five years imprisonment. Execution of sentence was suspended for a period of five years and the defendant was placed on probation for five years, subject to a number of conditions. The defendant was required to, among other things, undertake a term of detention of twenty months at the Tafuna Correctional Facilities ("TCF"), without any release whatsoever, except for medical emergency. We earlier granted defendant's request to modify this condition of probation, citing hardship to his dependents, to permit his participation in work release programs provided by the TCF. Defendant has now served a little over 15 months of his detention and he has again moved for further modification of his probation to allow his early release from the remainder his probationary detention. The thrust of defendant's motion is the enhancement of rehabilitative goals, and his eligibility thereunder.

 In 1987, the Fono amended A.S.C.A. § 46.2206 to permit the sentencing court to impose as a condition of probation a term of detention of up to one-third of the authorized maximum sentence of imprisonment. In so doing, the Fono made it quite clear that the sentencing court may also take into account retributive goals, as well as rehabilitative goals, when framing an appropriate sentence. *Atuatasi v. Moaali`itele*, 8 A.S.R.2d 53 (1988),

151

*aff'd sub. nom.* 9 A.S.R.2d 67 (Appellate Div. 1988); *see also American Samoa Gov't v. Fa`amoni,* 17 A.S.R.2d 114 (Trial Div. 1990). Obviously, by imposing the extended probationary detention term, beyond traditional "shock value" detention terms, the court had additional sentencing goals in mind beyond rehabilitation.

After due consideration to the favorable testimony of the Assistant Warden, defendant's employer, and to the submissions of counsel, and after careful review of the circumstances of the offense for which the defendant was convicted, and the sentence imposed in this matter, the court is not persuaded that the term of detention as heretofore modified, should be further varied.

The motion is, therefore, denied.

It is so ordered.